UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-127 |
| V. ) | (Varlan / Guyton) |
| ) | |
| DASINY MCILWAINE, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF DETENTION

On October 15, 2007, this Court ordered the release of Dasiny McIlwaine ("McIlwaine") pending her trial, subject to certain conditions. [Doc. 9] On February 8, 2008, the United States Probation Office reported to the Court that McIlwaine and her co-defendant, Anthony Lawrence, were in violation of the terms of their pretrial release and asked that the Court take action. [Doc. 29]. An initial appearance was held in this case on March 3, 2008, on the Petition for Revocation of Pretrial Release. Assistant United States Attorney David Lewen was present representing the government and Gerald Gulley was present representing the defendant, who was also present. Upon motion of the defendant and pursuant to 18 U.S.C., Section 3148, counsel for the defendant stated that he needed more time to prepare for the revocation hearing and requested that the hearing be continued. There was no objection by the government. A revocation hearing was scheduled for March 24, 2008, at 9:00 a.m. , before the undersigned.

At that hearing, the Court heard the testimony of McIlwaine's mother, Ms Parker, in support of McIlwaine's release. Ms Parker stated that McIlwaine could reside with her pending the trial of this matter, although this would necessarily require that Ms Parker move to a different residence. McIlwaine did not offer mitigating evidence or proffer an explanation for her alleged violations of the conditions of her release. McIlwaine has tested positive for drug use during her pretrial release

and was arrested on a state criminal charge. The Court finds that McIlwaine has repeatedly violated the conditions of her pretrial release by possessing and using illegal drugs, although she is mother to three small children; and by driving on a suspended or revoked license. The Court finds that McIlwaine has been unwilling to comply with previous terms imposed upon her release by this Court, and she has offered no reason to believe that she will conform her behavior in the future should she be again released. Under the circumstances presented, the Court finds that there are no conditions that would ensure McIlwaine would discontinue her criminal conduct if she were released pending trial.

It is therefore **ORDERED** that:

(1) Defendant be detained;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge