UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:07-CR-127-TAV-HBG-2 |
| DASINY McILWAINE, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) [Doc. 98]. On February 18, 2009, the defendant was convicted of aiding and abetting the possession with intent to distribute five grams or more of cocaine base (count one) and possession of a firearm in furtherance of a drug trafficking crime (count three). She was sentenced to 60 months' imprisonment on each count, for a total term of imprisonment of 120 months, on August 13, 2009.

On August 3, 2010, Congress passed the Fair Sentencing Act ("FSA"). Pub. L. No. 111-220, 124 Stat. 2372. The FSA lowered the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841.

The defendant seeks a sentence reduction in light of *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). In *Blewett*, a divided panel of the Sixth Circuit Court of Appeals held that the Equal Protection Clause requires application of the FSA's reduced statutory penalties to motions to reduce otherwise-final sentences under 18 U.S.C. §

3582(c), regardless of when a defendant was originally sentenced. 719 F.3d at 490–94. Retroactive application of the FSA would have allowed the defendant to be sentenced in accordance with her new guideline range and below the statutory mandatory minimum sentences on each count, which were applicable at the time of sentencing.

The government petitioned the Court of Appeals for a rehearing en banc. Given that motion, the government moved this Court to hold the defendant's motion in abeyance pending resolution of that petition. For reasons explained in a prior order [Doc. 109], the Court held the defendant's motion in abeyance.

The Court of Appeals ultimately granted the government's petition, and on December 3, 2013, reversed. The en banc panel held that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect" and that "§ 3582(c)(2) does not provide a vehicle for circumventing that interpretation." — F.3d —, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). The en banc panel further held that the Constitution does not dictate a different result. *Id.*

Accordingly, because *Blewett* no longer supports the defendant's motion for a sentence reduction, the defendant's motion [Doc. 98] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE